

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Slaughter
County Attorney
Martin County
Stanton, Texas

Dear Sir:

Opinion No. O-2808

Re: Proper disposition of
the tax money collected
by the Pleasant Valley
Common School District
subsequent to the con-
solidation of such com-
mon school district with
the Klondyke Independent
School District.

You request an opinion of this department as to
the proper disposition that should be made of the tax money
collected by the County Tax-Collector of Martin County for
the Pleasant Valley Common School District subsequent to the
consolidation of such common school district with the Klondyke
Independent School District. The facts in your case are as
follows:

On February 6, 1939, the Pleasant Valley Common
School District existed as such in Martin County and had on
one side of its boundary line a contiguous independent school
district, the Klondyke Independent School District in Dawson
County. On February 6, 1939, the County Board of Martin
County entered an order on the Minutes of such Board purport-
ing to change the Pleasant Valley District from a common
school district to an independent school district.

On March 18, 1939, the County Judge of Martin County
called an election to determine whether or not the Pleasant
Valley Independent School District should be consolidated with
the Klondyke Independent School District in Dawson County. A
like election for a like purpose was called by the County Judge
of Dawson County on the same date in the Klondyke District.
The two elections were held and at each election, the result
was in favor of consolidation. The Commissioners' Courts of

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Charles H. Slaughter, page 2

the respective counties so declared and certified the results.

The election was assailed in court by certain taxpayers and voters on the grounds that the common school district had previously been, by order of the County Board, changed into an independent school district and that there was no authority in law to consolidate the two independent school districts. The El Paso Court of Civil Appeals in the case of Pleasant Valley Common School District No. 7, et al., vs. Story, 142 S. W. (2d) 258, held that the order of the County Board of Martin County, which attempted to change the common school district into an independent school district was void and that in reality the election on March 18, 1939, was for purposes of consolidating a common school district and a contiguous independent school district. The court held this election valid and held the consolidation proper. The court stated as follows:

"Section 5b of Art. 2742b authorizes the consolidation of a common school district in one county with a contiguous independent district in another. The procedure prescribed by law seems to have been complied with in all material respects. Pleasant Valley was, before the election, a common school district contiguous to the Klondyke Independent District in Dawson County."

Rehearing was denied in the case on June 20, 1940. Application for writ of error was made to the Supreme Court and was refused on September 18, 1940. Motion for rehearing therein was denied.

Prior to March 18, 1939, the date of the consolidation, the County Commissioners of Martin County had assessed the taxes for the Pleasant Valley Common School District for the year 1939. Part of the taxes assessed were for the purpose of paying the interest and sinking fund of a $2,500.00 bond issue. The rest was for maintenance. During the months of October to January 1940, the taxes which had been assessed prior to the consolidation election were collected by the County Tax Collector of Martin County and such money is now in the hands of said county tax collector. Also on January 1, 1940, like school taxes, in the Pleasant Valley Common School District of Martin County were levied but such taxes have as yet not been collected due to the fact that the Appellate Courts held the consolidation of March 18, 1939, to be valid.

In your letter you ask two questions:

1. What disposition should be made of the
money collected during October, November and
December, 1939, as taxes which were assessed prior
to the consolidation election?

In respect to this question, you advise that the
Consolidated Independent School District has held no election
to assume the bonded indebtedness of the Pleasant Valley Com-
mon School District and has also not held an election for pur-
poses of levying a new tax of such Consolidated Independent
School District.

As stated by the El Paso Court of Civil Appeals in
the Pleasant Valley Common School District Case, supra, the con-
solidation was authorized under the terms of Section 5b of
Article 2742b, which reads as follows:

"In the manner prescribed by general law,
Article 2806, Revised Statutes, 1925, providing
for the consolidation of school districts by
election, Common School and Common County-line
Districts may be consolidated, and Common School
and Common County-line School Districts may be
consolidated with a contiguous Independent Dis-
trict in the same or in an adjoining County; pro-
vided that when the proposition is to consolidate
districts having territory in two or more adjoin-
ing Counties, the petitions and election orders
prescribed in Article 2806, Revised Statutes,
1925, shall be addressed to and issued by the
County Judge of each County for and in behalf of
each district wholly in his County or over which
his County has jurisdiction for administrative
purposes, and the County Commissioners' Court of
each County shall canvass the returns of the elec-
tion in each district lying wholly within the
County or under its jurisdiction for administra-
tive purposes, and declare the results, as in the
case of the consolidation of districts lying wholly
within one County; and when the results are so de-
clared the consolidation of the districts shall
thereby become effective." ( Underscoring ours)

Section 11 of said Article reads as follows:

"In cases where changes are made and districts
having outstanding bonded indebtedness and where
the necessary refunding bonds are voted down or where

the county Board of Trustees are otherwise unable to arrange an adjustment or settlement of such bonded indebtedness, it shall be the duty of the trustees to certify the fact and the territories effected by such changes, to the Commissioners' Court and thereupon it shall become the duty of the Commissioners' Court to thereafter annually levy and cause to be assessed and collected from the taxpayers of such districts as they existed before the changes were made, the tax necessary to pay the interest, the sinking fund and discharge the principal of such indebtedness as it matures. And it shall be the duty of each Independent School District so effected, to cause all funds in its hands, whether sinking funds or otherwise, which have been collected on account of such bonded indebtedness, to be transferred to the County Treasurer of the County in which such district is situated and such district shall thereafter cease to levy and collect any tax on account of such bonds; and it shall be the duty of the County Treasurer to keep the funds so transferred and those arising from taxation, in separate accounts and apply the same only to the discharge of such bonded indebtedness and the interest thereon, as the same matures."

We quote the above sections for the purpose of showing that even though the common school district has been consolidated with a contiguous independent school district it is the duty of the Commissioners' Court to see that taxes are levied for the purpose of paying the interest, sinking fund, and discharging the principal of the bonded indebtedness of the former common school district, even though such district has gone out of existence. Such tax is to be levied against the territory that was formerly in such common school district. In this respect the collection of the 1939 tax as to the portion to be used to apply to the bonded indebtedness of the common school district was valid. Also it may be pointed out that this is true because the new consolidated independent school district has not voted to assume the bonded indebtedness of such common school district. In line with the above, the Commission of Appeals of Texas in the case of Pyote Independent School District vs. Dyer, 34 S. W. (2d) 597, stated as follows:

"Also the local board usually levies all bond taxes of an independent district. R. C. S. of Texas 1925, arts. 2784 and 2788. There is one exception to this rule, and in our opinion that exception is not involved here. The exception mentioned is where, after change in school districts, or the creation of new districts out of the old districts, there has been no provision by assumption of the indebtedness or otherwise for the payment of the bonds that are outstanding against the old district, and such facts are certified to the

72

commissioners' court by the county school board, then
it is the duty of the commissioners' court to an-
nually levy a tax for the purpose of paying the old
bonded indebtedness. See section 11, ch. 64, Acts
First Called Session, Fortieth Legislature (1927)
supra, p. 238 (Vernon's Ann. Civ. St. art. 2742b,
§ 11)."

As to the portion of the tax levied for maintenance
purposes, the following quotation from the Pyote case in dis-
cussing a similar tax situation is important:

"It also appears that the taxes levied by the
commissioners' court were legal when levied, and
that they remained legal throughout the taxpaying
period of that year. This being the case, those
who paid the taxes levied by the commissioners'
court, if any did so, should be protected and credit-
ed by such amount as they so paid on the amount they
may owe on the taxes voted and levied by the independ-
ent district."

In our case the common school district went out of
existence on March 18, 1939, or as soon thereafter as the results
of the consolidation election were declared. Therefore, the
county tax collector had no authority to collect any taxes for
such district except the ones discussed for purposes of paying
off the bonded indebtedness. It is our opinion that the county
tax collector had no authority to collect any of the taxes for
the old common school district except the tax for the purpose
of paying the bonded indebtedness and interest thereon, and
that the procedure prescribed in the Pyote case should be
followed as to the taxes that were actually paid -- that is,
the independent school district should in the future, credit
the taxpayers with the payment of such tax when such district
votes and levies a tax. When such independent school district
levies a new tax and gives such taxpayers the credit, then this
tax money so collected should at that time be turned over to
such independent school district.

2. In your second question, you state that the
County Commissioners' Court of Martin County, on January 1, 1940,
levied a tax for the common school district even though such
common school district ceased to exist during March of 1939.
The Commissioners' Court was without authority to levy any tax
against the property of the old common school district except
the one for bond purposes as previously discussed. The com-
mission of Appeals in the Pyote case stated as follows in
this connection:

"When the county school board of Ward County entered its order creating Pyote Independent School District out of old Common School District No. 4, the old district ceased to exist and all maintenance taxes theretofore voted by it ceased to be in force. This being the case, no power existed in any tax-levying body to levy further maintenance taxes on the property of the district until the new district should vote such tax in the way and manner provided by law and by the Constitution."

You are advised, therefore, as to the tax levied by the Commissioners' Court for the year 1940, that the portion of it to be used to pay the interest and sinking fund on the bonded indebtedness of the territory of the old common school district should be collected and should be so applied. You are further advised that the assessment as to the remainder of the tax for local maintenance is void and the county tax collector is unauthorized to collect same.

We are enclosing a copy of our Opinion No. O-1632 which deals with the authority of the newly created independent school district to vote a tax levy for the year 1940.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_

Billy Goldberg
Assistant

APPROVED DEC 11, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

BG:EP

ENCLOSURE



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN